```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at LONDON
```

| | | |
|---|---|---|
| COURTNEY KENTRELL CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 6:20-cv-198-JMH |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Courtney Kentrell Chapman is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Chapman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. Chapman claims that his 2019 federal conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Chapman's petition.

In February 2019, Chapman pled guilty to one count of being a felon in possession of a firearm. *See United States v. Courtney Kentrell Chapman*, No. 3:18-cr-259 (S.D. Miss. 2019). In Chapman's plea agreement, he waived the right to contest his conviction and

sentence "in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." *Id.* at DE 14 at 5. Then, at Chapman's sentencing hearing, he repeatedly acknowledged—directly and through his attorney—that he knew he was a felon at the time he possessed the firearm in question. *See id.* at DE 26 at 17-18. Ultimately, the trial court accepted Chapman's guilty plea and sentenced him to 90 months in prison. *See id.* at DE 24. Chapman did not file a direct appeal or a motion to vacate his sentence pursuant to § 2255.

Instead, Chapman now pursues habeas relief via § 2241. Chapman claims that his 2019 conviction for being a felon in possession of a firearm is no longer valid because of the Supreme Court's decision in *Rehaif*, 139 S. Ct. at 2191. Thus, Chapman asks this Court to vacate his conviction.

As an initial matter, Chapman knowingly and voluntarily waived his right to collaterally attack his underlying conviction "in *any* post-conviction proceeding," such as this case. *United States v. Courtney Kentrell Chapman*, No. 3:18-cr-259 at DE 14 at 5 (S.D. Miss. 2019) (emphasis added). Such waivers are enforceable and apply to proceedings under § 2241, as this Court has pointed out. *See Webster v. Streeval*, No. 0:19-cv-111-HRW at DE 4 at 5 (E.D. Ky. 2019) (citing *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018)). Thus, Chapman's § 2241 petition does not even get off the ground.

2

That said, even if Chapman did not waive his rights, his habeas petition still constitutes an impermissible collateral attack on his conviction. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, as a general matter, Chapman cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Chapman has not met all of these requirements. For starters, the Supreme Court issued its decision in the *Rehaif* case in June of 2019. *See Rehaif*, 139 S. Ct. at 2191. Thus, Chapman certainly could have incorporated that decision into either a direct appeal or a § 2255 motion, and yet he failed to do so.

Finally, Chapman has not demonstrated in any clear way that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status—meaning that he knew that he was a felon, an alien unlawfully in this country, or the like. *See Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner). Here, Chapman has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon when he possessed the firearm in question. If anything, Chapman's own statements at his sentencing hearing completely undercut the suggestion that he somehow did not know that he was a felon when he possessed the firearm in question. For all of these reasons, Chapman's habeas petition is unavailing.

Accordingly, it is **ORDERED** as follows:

1) Chapman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

2) This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

3) The Court will enter a corresponding Judgment.

This the 7th day of October, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge